IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IN RE:
Marcus Glenn Ryder
Melanie Cason Ryder                    Case No._____
Plaintiffs                              JURY DEMAND

vs.

Carrington Mortgage Services LLC
Defendant

## CIVIL ACTION COMPLAINT

### Introduction

1. This is an action for actual, statutory and punitive damages filed by the Plaintiffs. The Parties recently settled case number 17-90213, which was an adversary in the Bankruptcy Court. This action is for fraud and a breach of the settlement agreement from that action.

2. Historically, the Plaintiffs have filed three separate adversaries against Defendant in the Bankruptcy Court and the Defendant continues to violate the terms of the parties agreement. The last action was for actual and punitive damages filed by the Plaintiff s pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This is the fourth suit against this Defendant and the Defendant will still not comply with the parties agreement. The Plaintiffs bring this action after having attempted a satisfactory resolution.

### Jurisdiction and Venue

3. The jurisdiction of this Court arises under 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs resides here, and Defendant transacts business here.

## Parties

6. The Plaintiffs, Marcus and Melanie Ryder, are citizens and residents of Rutherford County TN, hereafter "Plaintiffs".

7. The Defendant, Carrington Mortgage Services LLC, is a corporation doing business in the state of Tennessee. The Defendant may be served through the registered agent for process, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

## Factual Allegations

8. The Plaintiffs have had to file three adversaries against the Defendant in the Bankruptcy Court. First, 14-90421, which included the following facts:

> The Chapter 13 case of the Plaintiffs herein was commenced by the filing of a voluntary petition with the Clerk of this Court on September 14, 2011. The Defendant was then the proper party to receive notification of the bankruptcy filing and was properly notified of the filing in accordance with bankruptcy notification procedures. The 341(a) meeting of creditors in this case was held in Columbia, Tennessee on November 1, 2011. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiffs included a debt to the defendant secured by a deed of trust on the residential real estate belonging to the Plaintiffs. The Chapter 13 plan as confirmed provided that the Debtor would make payments directly to the Defendant. The Plaintiffs allege that the Defendant received notice of the 341(a) meeting from documents mailed by the Trustee's office and also received a "filed" copy of the Order of Confirmation. The Plaintiffs continued making payments directly to the Defendant following the commencement of the bankruptcy case. The plan provided that the Plaintiffs would pay the debt to the Defendant directly and the Defendant did not file a Proof of Claim. On or about January 16, 2013, the Defendant started an escrow account on behalf of the Plaintiffs and began paying hazard insurance. The Plaintiffs have insurance coverage on the property. The Defendant continues to bill the Plaintiffs for the escrow to pay for hazard insurance. The Plaintiffs began receiving notices from the Defendant of intent to foreclose. An Order was entered on June 11, 2014 which granted Plaintiffs' Motion to Modify the plan to include the payment to the Defendant. An Order has also been entered to enlarge the

time to file a Proof of Claim on behalf of the Defendant. The Plaintiffs filed a Proof of Claim on behalf of the Defendant on July 8, 2014 and amended that claim on July 16. The Chapter 13 Trustee filed a Motion to Disallow the Claim of Carrington Mortgage Services LLC because the name of the creditor on the face of the proof of claim is not supported by the documents attached. An Order granting the Trustee's Motion to Disallow was entered on August 19, 2014. The Plaintiffs' attorney tendered four "Requests for Information" (hereinafter "RFI") via Certified Mail to the defendant, pursuant to the Real Estate Settlement Procedures Act and Truth in Lending Act ("TILA"). The Plaintiffs contend that the Defendants received the RFI's as evidenced by the attached Postal Service Form. The Plaintiffs, on April 2, 2014, sent an RFI requesting the name and address of the current owner, master servicer and current servicer, as well as a true and exact copy of the Plaintiffs' note pursuant to RESPA and TILA. On April 9, 2014, the Plaintiffs sent an RFI requesting a payoff. The Plaintiffs, on April 2, 2014, sent an RFI requesting a life of loan mortgage transaction history and requested proof of proper payment application for the last 24 months. The Plaintiffs, on April 2, 2014, sent an RFI requesting a complete transaction history for the escrow account, any and all invoices for escrow expenses paid and proof of payments of escrow expenses. The Defendant's acknowledged receipt. The Defendant provided four (4) different payoff quotes in response to the Plaintiffs' payoff RFI. These payoffs are inconsistent with each other as well as the payoff sent in March, and fail to satisfy the Plaintiffs' RFI. As of the filing of this complaint, the said Defendant has failed to have any form of communication with the Plaintiffs' attorney, or with the debtors in response to the Plaintiffs' TILA Request and transaction history request or escrow account request. That adversary proceeding was resolved by an agreed order.

9. Despite the first adversary proceeding, the Plaintiffs had to file a second adversary proceeding against the Defendant, adversary proceeding, 16-90105, which included the following additional allegations of fact:

> Despite the escrow issue form the last adversary and the agreed order which indicated that $172.00 was to cover escrow, the Defendant is not paying the regular insurance or property taxes. The Plaintiffs have continually requested their counsel to have Defendant fix the issue. Counsel has email counsel from the last adversary, on August 3, 2015 and again on November 4, 2015, and has called the tax assessor in an unsuccessful attempt to resolve. In addition to the aforementioned measures, Plaintiffs' counsel sent an RFI to address the escrow issue that was not acknowledged or answered. That adversary proceeding was resolved by an agreed order.

10. Despite the first two adversary proceedings, the Plaintiffs had to file a third adversary proceeding against the Defendant, adversary proceeding, 17-90213, which included the following additional allegations of fact:

> The Trustee paid the Defendant's claim as allowed in the Orders which resolved the previous two adversary proceedings. The Defendant filed two notice of payment changes under Rule 3002.1. Following the Defendant's response to the Trustee's motion to declare the mortgage current, an Order Declaring the mortgage account current was entered on September 28, 2016. The Trustee's last payment was for November 2016. The Plaintiffs received a Discharge Order on October 28, 2016. The Plaintiffs have made all post discharge mortgage payments to Defendant beginning October 2016 and continuing monthly through August 2017. The Plaintiffs also attached proof of all subsequent post-petition payments. Following their discharge, the Defendant incorrectly notified the Plaintiffs regarding their payment status, balance and escrow information. The Plaintiffs attached the Defendant's post-petition statements and correspondence as well as their escrow analysis and their account history.

11. The last action was for actual and punitive damages filed by the Plaintiff s pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This adversary proceeding was resolved by a settlement agreement and an agreed order. The parties settlement agreement was executed by the Defendant via the vice president Eric Harrison on June 14, 2018 and was executed by the Plaintiffs on June 16, 2018, the later date being the effective date provided by the agreement.

12. The relevant portion of the settlement agreement for the current dispute provided that the Defendant acknowledges that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment. The agreement goes further to indicate that the next payment due date was August 1, 2018.

13. In addition to the release, the agreement also provides that in an action brought to enforce the agreement, the prevailing party or parties shall be entitled to recover damages, fees and other cost incurred in such litigation, provided such expenses are proven to be the direct and proximate result of

any breach.  In addition, the agreement provides that the prevailing party may also be entitled to any other relief provided by law.

## Claims for Relief

### Count One- Fraud

14. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

15. Defendant has made material false representations to the Plaintiffs.

16. Specifically, the Defendant's monthly billing statement indicates that the Plaintiffs' have an past due balance, attached as Exhibit 1.  As Exhibit 2, the Plaintiffs attach the billing statement dated right before the effective date of the settlement.  Exhibit 2 incorrectly indicated that the Plaintiffs' account had a past due balance of $49.51.  Exhibit 1, which was after the aforementioned effective date, June 16, 2018, where the Defendant acknowledges that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment, indicates that now the Plaintiffs' have an outstanding past due balance of $60.56.  Exhibit 1 is a material misstatement and the Defendant has increased the amount that the Defendant believes is past due despite the parties agreement.  The Plaintiffs attach proof of their payments since March 1, 2018 as Exhibit 3.

17. Defendant knows that these representations are material and that they are false as set forth herein.

18. When the Defendant made and/or makes the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion.

19. Plaintiffs have suffered damages as a result of Defendant material misrepresentation.

## Count Two- Breach of the Parties Settlement Agreement

(Breach of Contract)

20. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

21. A contractual relationship exists between the Plaintiffs and Defendant.

22. Although the Defendant acknowledged that the Plaintiffs' account was current, the Defendant actually had no intention of making the Plaintiffs' account current.

23. The agreement was signed between the parties, the Plaintiffs relied on the agreement to dismiss the lawsuit that they had filed. The Plaintiffs have suffered damages as a result of the Defendant's breach.

## Count Three- Promissory Estoppel

(PROMISSORY ESTOPPEL)

24. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

25. Plaintiffs signed off on a release based on the Defendant's representation to the Plaintiffs that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment. The Plaintiffs have had to file actions against credit reporting agencies based on inaccurate information provided by this Defendant to fix errors and are concerned that the Defendant not following through on the agreement will result in negative reporting.

26. The Plaintiffs relied on the Defendant's unambiguous promise.

27. The Plaintiffs' reliance was both reasonable and foreseeable.

28. The Plaintiffs were injured as the Defendant still shows that the Plaintiffs have an outstanding past due balance that has increased since before the agreement was reached.

29. Based on foregoing, the Plaintiffs are entitled to equitable relief, damages and attorney's fees.

### COUNT FOUR- NEGLIGENT MISREPRESENTATION

(NEGLIGENT MISREPRESENTATION)

30. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

31. Defendant had a duty to perform under the parties settlement agreement.

32. The Defendant failed to perform under the parties agreement.

33. Plaintiffs justifiable relied on the Defendant's representation to the Plaintiffs that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment.

34. The Plaintiffs signed off releasing the Defendant from numerous claims based on the Defendant's representation which was an unambiguous promise.

35. The Plaintiffs' reliance was both reasonable and foreseeable.

36. The Plaintiffs were injured as the Defendant still shows that the Plaintiffs have an outstanding past due balance that has increased since before the agreement was reached.

37. Based on foregoing, the Plaintiffs are entitled to equitable relief, damages and attorney's fees.

### Actual Damages

38. The Plaintiffs incorporates herein by reference all preceding paragraphs as if fully set forth herein.

39. In this case, the Plaintiffs have suffered the following actual damages:

      a.      Attorney fees
      b.      Mailings
      c.      Paying fees and charges that unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount
      d.      Costs
      e.      Emotional distress
      f.      Credit Damage
- Increased out of pocket expenses
- Loss of credit expectancy
- Loss of credit capacity

**WHEREFORE,** the Plaintiffs having set forth the claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs recover against the Defendant any injunctive relief, monetary damages and punitive damages including attorney's fees based on the Plaintiffs' claim for fraud (paragraphs 14-19, 38-39).

B. That the Plaintiffs recover against the Defendant any injunctive relief, monetary damages and punitive damages

including attorney's fees based on the Plaintiffs' second claim for relief, Breach of Contract (paragraphs 20-25, 38-39).

C. Based on the Plaintiffs third claim for relief (paragraphs 24-29, 38-39) and the factual allegations, the Plaintiffs seek to recover against the Defendant appropriate damages and equitable relief for the promissory estoppel claim.

D. Based on the Plaintiffs fourth claim for relief (paragraphs 30-39) and the factual allegations, the Plaintiffs seek to recover against the Defendant appropriate damages and equitable relief for the negligent misrepresentation claim.

E. That the Defendant be forever enjoined from doing any act to collect or to receive payment from the Plaintiffs.

F. That the Plaintiffs recover any further relief as the Court may deem just and proper.

Date this the  5th  day of    November   , 2018.

Harlan, Slocum & Quillen,
/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibit List:
Exhibit 1: Statement dated 10.1.2018
Exhibit 2: Statement dated 5.1.2018
Exhibit 3: Proof of payments since March 2018