IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| Marcus Glenn Ryder, ) | |
| Melanie Cason Ryder, ) | Case No. 3:18-cv-01240 |
| Plaintiffs, ) | Chief Judge Waverly D. Crenshaw, Jr. |
| ) | Magistrate Judge Barbara D. Holmes |
| ) | JURY DEMAND |
| vs. ) | |
| ) | |
| Carrington Mortgage Services LLC, ) | |
| Defendant. ) | |

## AMENDED CIVIL ACTION COMPLAINT

### Introduction

1. This is an action for actual, statutory and punitive damages filed by the Plaintiffs. The Parties recently settled case number 17-90213, which was an adversary in the Bankruptcy Court. This action is for fraud and a breach of the settlement agreement from that action. This amended complaint also includes an action for violations of the Bankruptcy Court Orders, Bankruptcy Rule 3002.1 and for violations of the Fair Debt Collection Practices Act.

2. Historically, the Plaintiffs have filed three separate adversaries against Defendant in the Bankruptcy Court and the Defendant continues to violate the terms of the parties agreement. The last action was for actual and punitive damages filed by the Plaintiff s pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This is the fourth suit against this Defendant and the Defendant will still not comply with the parties agreement. The Plaintiffs bring this action after having attempted a satisfactory resolution.

### Jurisdiction and Venue

3. The jurisdiction of this Court arises under 28 U.S.C. § 1331. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code. This court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon section 1331 of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs resides here, and Defendant transacts business here.

**Parties**

6. The Plaintiffs, Marcus and Melanie Ryder, are citizens and residents of Rutherford County TN, hereafter "Plaintiffs".

7. The Defendant, Carrington Mortgage Services LLC, is a corporation doing business in the state of Tennessee. The Defendant may be served through the registered agent for process, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

**Factual Allegations**

8. The Plaintiffs have had to file three adversaries against the Defendant in the Bankruptcy Court. First, 14-90421, which included the following facts:

> The Chapter 13 case of the Plaintiffs herein was commenced by the filing of a voluntary petition with the Clerk of this Court on September 14, 2011. The Defendant was then the proper party to receive notification of the bankruptcy filing and was properly notified of the filing in accordance with bankruptcy notification procedures. The 341(a) meeting of creditors

in this case was held in Columbia, Tennessee on November 1, 2011. Schedule D of the Bankruptcy petition and schedules filed by the Plaintiffs included a debt to the defendant secured by a deed of trust on the residential real estate belonging to the Plaintiffs. The Chapter 13 plan as confirmed provided that the Debtor would make payments directly to the Defendant. The Plaintiffs allege that the Defendant received notice of the 341(a) meeting from documents mailed by the Trustee's office and also received a "filed" copy of the Order of Confirmation. The Plaintiffs continued making payments directly to the Defendant following the commencement of the bankruptcy case. The plan provided that the Plaintiffs would pay the debt to the Defendant directly and the Defendant did not file a Proof of Claim. On or about January 16, 2013, the Defendant started an escrow account on behalf of the Plaintiffs and began paying hazard insurance. The Plaintiffs have insurance coverage on the property. The Defendant continues to bill the Plaintiffs for the escrow to pay for hazard insurance. The Plaintiffs began receiving notices from the Defendant of intent to foreclose. An Order was entered on June 11, 2014 which granted Plaintiffs' Motion to Modify the plan to include the payment to the Defendant. An Order has also been entered to enlarge the time to file a Proof of Claim on behalf of the Defendant. The Plaintiffs filed a Proof of Claim on behalf of the Defendant on July 8, 2014 and amended that claim on July 16. The Chapter 13 Trustee filed a Motion to Disallow the Claim of Carrington Mortgage Services LLC because the name of the creditor on the face of the proof of claim is not supported by the documents attached. An Order granting the Trustee's Motion to Disallow was entered on August 19, 2014. The Plaintiffs' attorney tendered four "Requests for Information" (hereinafter "RFI") via Certified Mail to the defendant, pursuant to the Real Estate Settlement Procedures Act and Truth in Lending Act ("TILA"). The Plaintiffs contend that the Defendants received the RFI's as evidenced by the attached Postal Service Form. The Plaintiffs, on April 2, 2014, sent an RFI requesting the name and address of the current owner, master servicer and current servicer, as well as a true and exact copy of the Plaintiffs' note pursuant to RESPA and TILA. On April 9, 2014, the Plaintiffs sent an RFI requesting a payoff. The Plaintiffs, on April 2, 2014, sent an RFI requesting a life of loan mortgage transaction history and requested proof of proper payment application for the last 24 months. The Plaintiffs, on April 2, 2014, sent an RFI requesting a complete transaction history for the escrow account, any and all invoices for escrow expenses paid and proof of payments of escrow expenses. The Defendant's acknowledged receipt. The Defendant provided four (4) different payoff quotes in response to the Plaintiffs' payoff RFI. These payoffs are inconsistent with each other as well as the payoff sent in March, and fail to satisfy the Plaintiffs' RFI. As of the filing of this complaint, the said Defendant has failed to have any form of communication with the Plaintiffs' attorney, or with the debtors in

response to the Plaintiffs' TILA Request and transaction history request or escrow account request. That adversary proceeding was resolved by an agreed order.

9. Despite the first adversary proceeding, the Plaintiffs had to file a second adversary proceeding against the Defendant, adversary proceeding, 16-90105, which included the following additional allegations of fact:

> Despite the escrow issue form the last adversary and the agreed order which indicated that $172.00 was to cover escrow, the Defendant is not paying the regular insurance or property taxes. The Plaintiffs have continually requested their counsel to have Defendant fix the issue. Counsel has email counsel from the last adversary, on August 3, 2015 and again on November 4, 2015, and has called the tax assessor in an unsuccessful attempt to resolve. In addition to the aforementioned measures, Plaintiffs' counsel sent an RFI to address the escrow issue that was not acknowledged or answered. That adversary proceeding was resolved by an agreed order.

10. Despite the first two adversary proceedings, the Plaintiffs had to file a third adversary proceeding against the Defendant, adversary proceeding, 17-90213, which included the following additional allegations of fact:

> The Trustee paid the Defendant's claim as allowed in the Orders which resolved the previous two adversary proceedings. The Defendant filed two notice of payment changes under Rule 3002.1. Following the Defendant's response to the Trustee's motion to declare the mortgage current, an Order Declaring the mortgage account current was entered on September 28, 2016. The Trustee's last payment was for November 2016. The Plaintiffs received a Discharge Order on October 28, 2016. The Plaintiffs have made all post discharge mortgage payments to Defendant beginning October 2016 and continuing monthly through August 2017. The Plaintiffs also attached proof of all subsequent post-petition payments. Following their discharge, the Defendant incorrectly notified the Plaintiffs regarding their payment status, balance and escrow information. The Plaintiffs attached the Defendant's post-petition statements and correspondence as well as their escrow analysis and their account history.

11. The last action was for actual and punitive damages filed by the Plaintiffs pursuant to 11 U.S.C. §105, 362, 524, 1322, 1327 and 1328 of the Bankruptcy Code, and Rules 2016, 3002.1 and 9011 of the Bankruptcy Rules. This adversary proceeding was resolved by a settlement agreement and an agreed order. The parties settlement agreement was executed by the Defendant via the vice president Eric Harrison on June 14, 2018 and was executed by the Plaintiffs on June 16, 2018, the later date being the effective date provided by the agreement.

12. The relevant portion of the settlement agreement for the current dispute provided that the Defendant acknowledges that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment. The agreement goes further to indicate that the next payment due date was August 1, 2018.

13. In addition to the release, the agreement also provides that in an action brought to enforce the agreement, the prevailing party or parties shall be entitled to recover damages, fees and other cost incurred in such litigation, provided such expenses are proven to be the direct and proximate result of any breach. In addition, the agreement provides that the prevailing party may also be entitled to any other relief provided by law.

14. Attached, as Exhibit 1 to the amended complaint, the Plaintiffs attach the Order which declared
their mortgage account current. Attached, as Exhibit 2 to the amended complaint, is the Trustee's ledger showing payments to the Defendant. Attached, as Exhibit 3, is a copy of the Plaintiffs' discharge.

### Claims for Relief

### Count One- Fraud

15. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

16. Defendant has made material false representations to the Plaintiffs.

17. Specifically, the Defendant's monthly billing statement indicates that the Plaintiffs' have an past due balance, attached as Exhibit 4. The most recent statement shows a past due balance of $15,106.03. As Exhibit 5, the Plaintiffs attach the billing statement dated right before the effective date of the settlement. Exhibit 5 incorrectly indicated that the Plaintiffs' account had a past due balance of $49.51. The most recent statement shows a past due balance of $15,106.03. Exhibit 4, which was after the aforementioned effective date, June 16, 2018, where the Defendant acknowledges that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment, indicates that now the Plaintiffs have an outstanding past due balance of $60.56. Exhibit 4 is a material misstatement and the Defendant has increased the amount that the Defendant believes is past due despite the parties agreement. The Plaintiffs attach proof of their post petition payments as Exhibit 6.

18. Defendant knows that these representations are material and that they are false as set forth herein.

19. When the Defendant made and/or makes the material representation, it (i) knew that the material representation was false, or (ii) made the material representation recklessly without any knowledge of its truth and as a positive assertion.

20. Plaintiffs have suffered damages as a result of Defendant material misrepresentation.

## Count Two- Breach of the Parties Settlement Agreement

(Breach of Contract)

21. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

22. A contractual relationship exists between the Plaintiffs and Defendant.

23. Although the Defendant acknowledged that the Plaintiffs' account was current, the Defendant actually had no intention of making the Plaintiffs' account current.

24. The agreement was signed between the parties, the Plaintiffs relied on the agreement to dismiss the lawsuit that they had filed. The Plaintiffs have suffered damages as a result of the Defendant's breach.

## Count Three- Promissory Estoppel

(PROMISSORY ESTOPPEL)

25. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

26. Plaintiffs signed off on a release based on the Defendant's representation to the Plaintiffs that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment. The Plaintiffs have had to file actions against credit reporting agencies based on inaccurate information provided by this Defendant to fix errors and are concerned that the Defendant not following through on the agreement will result in negative reporting.

27. The Plaintiffs relied on the Defendant's unambiguous promise.

28. The Plaintiffs' reliance was both reasonable and foreseeable.

29. The Plaintiffs were injured as the Defendant still shows that the Plaintiffs have an outstanding past due balance that has increased since before the agreement was reached.

30. Based on foregoing, the Plaintiffs are entitled to equitable relief, damages and attorney's fees.

## COUNT FOUR- NEGLIGENT MISREPRESENTATION

(NEGLIGENT MISREPRESENTATION)

31. Plaintiffs incorporate by reference all of the above factual allegations and Exhibits as if fully set forth herein.

32. Defendant had a duty to perform under the parties settlement agreement.

33. The Defendant failed to perform under the parties agreement.

34. Plaintiffs justifiable relied on the Defendant's representation to the Plaintiffs that as of the effective date, June 16, 2018, that the Plaintiffs' loan was not in default and is paid current through the July 1, 2018 payment.

35. The Plaintiffs signed off releasing the Defendant from numerous claims based on the Defendant's representation which was an unambiguous promise.

36. The Plaintiffs' reliance was both reasonable and foreseeable.

37. The Plaintiffs were injured as the Defendant still shows that the Plaintiffs have an outstanding past due balance that has increased since before the agreement was reached.

38. Based on foregoing, the Plaintiffs are entitled to equitable relief, damages and attorney's fees.

## Count Five- Contempt-Sanctions

## (VIOLATION OF THE BANKRUPTCY COURT'S ORDERS)

39. The allegations in the preceding paragraphs are re-alleged and incorporated herein by this reference.

40. The Defendant has failed to comply with the Bankruptcy Court's previous Orders.

41. On October 1, 2018, the Defendant showed that the Plaintiffs owe a past due balance of $60.56. Between October 1, 2018 and November 1, 2018, the Defendant indicates that the Plaintiffs are past due $14,327.31 and owes by December 1, 2018 a total of $15,106.03. This clearly shows that the Defendant is not complying with the Bankruptcy Court's Order which declared the mortgage current and defaults cured,

see Exhibit 1, and has little to no regard for the Discharge injunction, see Exhibit 3.

42. Title 11 U.S.C. § 105(a) of the Code grants power to the Court to remedy Defendant's violations of numerous sections of Chapter 13. Section 105(a) allows the Court to exercise its equitable powers where necessary or appropriate to facilitate implementation of Code provisions, including the granting of sanctions for contempt, the granting of monetary relief for actual and statutory damages, punitive damages, attorneys' fees and costs, and the imposition of temporary and permanent injunctions.

43. Defendant's acts were willful violations of the Plaintiffs' orders of the Court, and the provisions of Chapter 13 of the Code. Defendant knew of the existence of these orders, the Defendant's acts were intentional, and the acts alleged herein violated the provisions and purposes of the Code set forth herein.

44. The actions of Defendant show that it is their policy and procedure to ignore the directives and orders of bankruptcy courts and the Bankruptcy Code.

45. Accordingly, under § 105 and/or the Court's inherent authority, Defendant should be sanctioned in an appropriate amount and made to pay Plaintiffs' reasonable attorneys' fees for bringing this action.

### Count Six - Bankruptcy Rule 3002.1

(FRBP 3002.1)

46. All factual allegations and Exhibits previously set forth above are incorporated in this claim as if fully set forth herein.

47. The Defendant is assessing the Plaintiffs' account for an unexplained past due amount of $14,327.31. This is despite the aforementioned Bankruptcy Court Orders and the Plaintiffs post-petition payments to the defendant.

48. Rule 3002.1 includes injunctive-preclusive relief for failure to notify.

49. Although it is far removed form the discharge, the Defendant failed to file any notices relating to post-petition fees, charges and or expenses that would cover the $14,327.31.

50. The $14,327.31 must include post-petition fees, charges and or expenses. Because the Rule provides for preclusion for failure to notify, the Plaintiffs submit that the Defendant should be enjoined from presenting omitted information and that the Defendant's failure to comply with 3002.1 supports, pursuant to 3002.1 ( i ), an award of attorney fees and expenses to Debtors' counsel for bringing this action.

## Count Seven- FDCPA

### (VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT)

51. The allegations in the paragraphs above are re-alleged and incorporated herein by this reference.

52. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. §1692e.

53. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a single violation. *Eastman v. Baker Recovery Services (In re Eastman)*, 419 B.R. 711, 733 (Bankr. W.D. Tex. 2009); *see also Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Because the FDCPA imposes strict liability, there is no requirement that the actions taken by a debt collector "be intentional or actionable." *Eastman*, 419 B.R. at 728 (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F. Supp. 609, 613 (D. Nev. 1997)).

54. The FDCPA is also a remedial statute, and therefore must be construed liberally in favor

of the debtor. *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 (5th Cir. 2013)(quoting *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002)).

55. The Defendant is a debt collector as defined in 15 U.S.C. § 1692a.

56. The Defendant is attempting to collect a consumer debt as defined in 15 U.S.C. § 1692a.

57. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a.

58. The Defendant violated 15 U.S.C. § 1692e generally, and 15 U.S.C. § 1692e(2), e(5) and e(10) specifically, by making false and/or misleading representations to this Court and the Plaintiffs regarding their account.

59. The Defendant violated 15 U.S.C. § 1692f generally, and 15 U.S.C. § 1692f(1) specifically, by attempting to collect a discharged debt, the $14,327.31.

60. Upon information and belief, Defendant's actions described herein are the manifestation of a pattern and practice of conduct by Defendant which is either required, or not specifically prohibited by its policies and procedures, to ignore the provisions of the Bankruptcy Code and fair debt collection laws applicable to it, and to illegally collect or attempt to collect debts from unsophisticated debtors. Accordingly, the Defendant's actions constitute unfair and unconscionable means to collect debts in violation of 15 U.S.C. § 1692e and f.

61. As a direct and proximate result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged.

62. Plaintiffs are entitled to and seek actual damages, statutory damages, and attorneys' fees as provided in 15 U.S.C. § 1692k.

**Actual Damages**

63. The Plaintiffs incorporates herein by reference all preceding paragraphs as if fully set forth herein.

64. In this case, the Plaintiffs have suffered the following actual damages:

   a. Attorney fees
   b. Mailings
   c. Paying fees and charges that unauthorized, illegal and/or unnecessary and the interest that then gets paid on the total loan amount
   d. Costs
   e. Emotional distress
   f. Credit Damage
      - Increased out of pocket expenses
      - Loss of credit expectancy
      - Loss of credit capacity

**WHEREFORE,** the Plaintiffs having set forth the claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs recover against the Defendant any injunctive relief, monetary damages and punitive damages including attorney's fees based on the Plaintiffs' claim for fraud.

B. That the Plaintiffs recover against the Defendant any injunctive relief, monetary damages and punitive damages including attorney's fees based on the Plaintiffs' second claim for relief, Breach of Contract.

C. Based on the Plaintiffs third claim for relief and the factual allegations, the Plaintiffs seek to recover against the Defendant appropriate damages and equitable relief for the promissory estoppel claim.

D. Based on the Plaintiffs fourth claim for relief and the factual allegations, the Plaintiffs seek to recover against the Defendant appropriate damages and equitable relief for the negligent misrepresentation claim.

E. Based on the Plaintiff's fifth claim for relief, the factual allegations and pursuant to 11 U.S.C. §105 and 524, the Plaintiff asks that the Defendant be found in contempt and the Plaintiffs be awarded sanctions for the Defendant's actions relating to this bankruptcy and be assessed with compensatory damages, punitive damages and reasonable attorney's

fees.

F.  That the Court enter an Order which enjoins any evidence in support of any fees, charges and/or payment adjustments, denies any fees, charges and/or payment adjustments and awards Plaintiffs Attorney's Fees based on the Plaintiff's sixth Claim for Relief and pursuant to the Federal Rule of Bankruptcy Procedure 3002.1.

G.  That the Plaintiffsrecover from the Defendants actual, statutory and punitive damages and attorney's fees based on the Plaintiffs' claim for relief for violations under the FDCPA, the factual allegations and 15 U.S.C. §1692.

H.  That the Defendant be forever enjoined from doing any act to collect or to receive payment from the Plaintiffs.

I.  That the Plaintiffs recover any further relief as the Court may deem just and proper.

Date this the 15th day of April, 2019.

Harlan, Slocum & Quillen,

/s/ Keith D Slocum
by: Keith D. Slocum BPR 023024
PO Box 949
Columbia, TN 38402
Phone – 931-381-0660
Fax – 931-381-7627
keith@robertharlan.com
bknotices@robertharlan.com

Exhibit List:
Exhibit 1: Order declaring current
Exhibit 2: Trustee's report continuing payments
Exhibit 3: Discharge
Exhibit 4: Statement dated 10.1.2018
Exhibit 5: Statement dated 5.1.2018
Exhibit 6: Proof of post-petition payments